# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.*,[1]<br><br>            Debtors.<br><br>ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*,<br><br>            Plaintiff,<br><br>vs.<br><br>ABBYSON LIVING LLC,<br><br>            Defendant. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered)<br><br>Adv. Proc. No. 22-50177 (CSS)<br><br>**JURY DEMAND** |

## ANSWER

Pursuant to Federal Rules of Civil Procedure, Rule 8, Defendant ABBYSON LVIING LLC ("Abbyson") hereby responds to the Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint") filed by Plaintiff, Alfred T. Guiliano, in his capacity as Chapter 7 Trustee of the bankruptcy estate of Art Van Furniture, LLC ("Debtor"), et al. ("Plaintiff").

## PARTIES

1.    The allegations in paragraph 1 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 1 and, on that basis, denies the remaining allegations contained therein.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of. Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

2. The allegations in paragraph 2 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the allegations in paragraph 2 and, on that basis, Abbyson denies the remaining allegations contained therein.

3. Abbyson admits to the allegations in paragraph 3 of the Complaint, except that it is a limited liability company formed under the laws of the State of Delaware, not Nevada, as alleged in paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. The allegations in paragraph 4 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 4 and, on that basis, denies the remaining allegations contained therein.

5. The allegations in paragraph 5 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 5 and, on that basis, denies the remaining allegations contained therein.

6. The allegations in paragraph 6 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 6 and, on that basis, denies the remaining allegations contained therein.

7. The allegations in paragraph 7 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 7

and, on that basis, denies the remaining allegations contained therein. The Defendant does not consent to entry of a final order by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BASIS FOR RELIEF

8. The allegations in paragraph 8 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 8 and, on that basis, denies the remaining allegations contained therein.

## FACTS

9. Abbyson lacks sufficient information or belief to admit or deny the allegations in paragraph 9 and, on that basis, denies the allegations contained therein.

10. The allegations in paragraph 10 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 10 and, on that basis, denies the remaining allegations contained therein.

11. The allegations in paragraph 11 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 10 and, on that basis, denies the remaining allegations contained therein.

12. The allegations in paragraph 12 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson

lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 12 and, on that basis, denies the remaining allegations contained therein.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers – 11 U.S.C. § 547)

13. Paragraph 13 of the Complaint makes no factual allegations and thus no response is required.

14. The allegations in paragraph 14 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 14 and, on that basis, denies the remaining allegations contained therein.

15. The allegations in paragraph 15 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 15 and, on that basis, denies the remaining allegations contained therein.

16. The allegations in paragraph 16 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 16 and, on that basis, denies the remaining allegations contained therein.

17. The allegations in paragraph 17 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 17 and, on that basis, denies the remaining allegations contained therein.

18. The allegations in paragraph 18 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 18 and, on that basis, denies the remaining allegations contained therein.

19. The allegations in paragraph 19 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 19 and, on that basis, denies the remaining allegations contained therein.

20. The allegations in paragraph 20 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 20 and, on that basis, denies the remaining allegations contained therein.

21. The allegations in paragraph 21 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 21 and, on that basis, denies the remaining allegations contained therein.

22. The allegations in paragraph 22 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 22 and, on that basis, denies the remaining allegations contained therein.

## SECOND CLAIM FOR RELIEF

### (For Recovery of Property – 11 U.S.C. § 550)

23. Paragraph 23 of the Complaint makes no factual allegations and thus no response is required.

24. The allegations in paragraph 24 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 24 and, on that basis, denies the remaining allegations contained therein.

25. The allegations in paragraph 25 of the Complaint contain conclusions of law to which a response is not required. To the extent a response is required, Abbyson lacks sufficient information or belief to admit or deny the remaining allegations in paragraph 25 and, on that basis, denies the remaining allegations contained therein.

## RESPONSE TO PRAYER

a. In response to paragraph "a" of the Prayer, Abbyson denies every allegation contained therein and denies that Plaintiff is entitled to any relief sought in the Complaint.

b. In response to paragraph "b" of the Prayer, Abbyson denies every allegation contained therein and denies that Plaintiff is entitled to any relief sought in the Complaint.

## AFFIRMATIVE DEFENSES

Abbyson asserts its Affirmative Defenses to the Complaint as follows:

## FIRST AFFIRMATIVE DEFENSE

Abbyson alleges that the Complaint fails to state facts sufficient to constitute a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Abbyson's actions were taken in good faith, in reliance upon information provided by others, including Debtor, and with a reasonable belief that such actions were legal, appropriate and necessary.

**THIRD AFFIRMATIVE DEFENSE**

Abbyson alleges that the Complaint, and each claim for relief asserted therein, is barred by the doctrine of setoff and/or recoupment against any claim for any amounts owed to Abbyson by Debtor.

**FOURTH AFFIRMATIVE DEFENSE**

Abbyson alleges that Debtor received reasonable equivalent value in exchange for any alleged transfers in the Complaint. Accordingly, the alleged transfers described in the Complaint are neither avoidable nor recoverable.

**FIFTH AFFIRMATIVE DEFENSE**

Abbyson alleges that the Complaint, and each claim for relief asserted therein, is barred by the doctrines of laches.

**SIXTH AFFIRMATIVE DEFENSE**

Abbyson alleges that the Complaint, and each claim for relief asserted therein, is barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Abbyson alleges that by virtue of the actions and conduct of Debtor, Plaintiff is barred from recovering against Abbyson by the equitable doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Abbyson alleges that some, or all, of the alleged transfers in the Complaint constitute contemporaneous exchanges for new value given to the debtor pursuant to 11 U.S.C. § 547(c)(1).

## NINTH AFFIRMATIVE DEFENSE

Abbyson alleges that any transfer made from Debtor to Abbyson, to the extent a transfer occurred, was a payment of a debt incurred in the ordinary course of business of Debtor and Abbyson, and either (1) made in the ordinary course of business or financial affairs of Debtor and Abbyson, or (2) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

## TENTH AFFIRMATIVE DEFENSE

Abbyson alleges that any transfer made from Debtor to Abbyson, to the extent a transfer occurred, was made for new value given to or for the benefit of the debtor, not secured by an otherwise unavoidable security interest and on account of which new value the debtor did not make an otherwise unavoidable transfer to or for the benefit of Abbyson. 11 U.S.C. § 547(c)(4).

## ELEVENTH AFFIRMATIVE DEFENSE

Abbyson alleges that it did not receive a preferential transfer as defined under 11 U.S.C. §547.

## TWELFTH AFFIRMATIVE DEFENSE

Abbyson alleges that any transfer made from Debtor to Abbyson, to the extent a transfer occurred, was made by Debtor and received by Abbyson outside of the prescribed preference period before the Petition Date alleged in the Complaint pursuant to 11 U.S.C. §547(b)(4).

### THIRTEENTH AFFIRMATIVE DEFENSE

Abbyson alleges any transfer made from Debtor to Abbyson, to the extent a transfer occurred, was not made by Debtor while Debtor was insolvent. Further the Debtor was not made insolvent as a result of any transaction described herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

Upon information and belief, the bankruptcy professionals retained by the Debtor to prepare their cases for filing for chapter 11 relief under the Bankruptcy Code operated the Debtor and approved the Debtor's payments to creditors during the ninety day period prior to the Debtor's bankruptcy filings.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Complaint, and each allegation of fraud and misrepresentation therein, fails to aver the circumstances constituting fraud with particularity in accordance with Bankruptcy Rules of Civil Procedure Rule 7009(b) and all such allegations should be accordingly dismissed.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Defendants received no financial gain.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The funds paid to the Defendants, in whole or in part, are exempt under nonbankruptcy law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, *in pari delicto*, and/or estoppel.

### NINETEENTH AFFIRMATIVE DEFENSE

Any transfers to the Defendants were not transfers of the Debtor's property.

**TWENTIETH AFFIRMATIVE DEFENSE**

Any transfer described in the Complaint was made to Defendants in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

On information and belief, the actions are barred in whole or in part by 546(e) of the Bankruptcy Code.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Abbyson reserves the right to assert any additional defenses available under the Bankruptcy Code, 11 U.S.C. § 101, et seq., or other applicable law, as may be discovered during the course of additional discovery and investigation. Abbyson reserves the right to assert any additional affirmative defense. Abbyson also reserves the right to amend or supplement this Answer based on further formal or informal discovery.

**JURY TRIAL DEMAND**

Abbyson demands a jury trial for all issues triable by a jury.

Dated: April 20, 2022

By: */s/ Mark M. Billion*

BILLION LAW
Mark M. Billion (DE Bar No. 5263)
Peter K. Schaeffer
1073 S. Governors Ave.
Dover, DE 19904
302.428.9400
markbillion@billionlaw.com

*COUNSEL FOR ABBYSON LIVING LLC*

**Certificate of Service**

On April 22, 2022, a copy of the captioned document has been served on all parties of record via

CM/ECF and by US Post, First Class upon:

PACHULSKI STANG ZIEHL & JONES LLP
Bradford J. Sandler (DE Bar No. 4142)
Andrew W. Caine (CA Bar No. 110345)
Jeffrey P. Nolan (CA Bar No. 158923)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)

BILLION LAW
/s/ Mark M. Billion #5263
Mark M. Billion
Peter K. Schaeffer
1073 S. Governors Ave.
Dover, DE 19904
302 428 9400
markbillion@billionlaw.com